UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM ALAN NICHOLSON,

       Petitioner,

CASE NO. 1:19-CV-483

v.

HON. ROBERT J. JONKER

SHANE JACKSON,

       Respondent.

_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Kent's Report and Recommendation in this matter (ECF No. 4), as well as the Objection submitted by Petitioner. (ECF No. 8). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 451 (3d ed. 2014). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Petitioner's objections. The Magistrate Judge observed

that Petitioner's habeas application was barred by the one-year statute of limitations provided for in 28 U.S.C. § 2244(d)(1) as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). More specifically, the Magistrate found the one-year period for the timely filing expired on September 28, 2016, which was one year after the ninety-day period in which Petitioner could have sought review of his State court case in the United States Supreme Court expired. Petitioner did not file this action until June 12, 2019, well after that date had passed. Noting that a properly filed application for State post-conviction or other collateral review could toll, but not revive, the statute of limitations, the Magistrate Judge further found that Petitioner's collateral motions filed in November 2017–well after the statute had already run–did not serve to revive the limitations period.

The Magistrate Judge concluded by observing that the one-year limitations period is subject to equitable tolling but that Petitioner had not argued that equitable tolling applied or that actual innocence excused the procedural bar. The Report and Recommendation served as the requisite notice for Petitioner to be heard before dismissal of his petition on statute of limitations grounds. *Day v. McDonough*, 547 U.S. 198, 210 (2006). After its de novo review, the Court finds that Magistrate Judge Kent's Report and Recommendation is factually sound and legally correct.

## PETITIONER'S OBJECTION

Petitioner's Objection fails to deal in a meaningful way with the Magistrate Judge's analysis. For the most part it consists of little more than irrelevant arguments, such as an assertion that the State Courts improperly construed his November 2017 motion. Such does nothing to demonstrate the Magistrate Judge's analysis under AEDPA was incorrect. Construed liberally, however, the Court discerns two arguments. First, Petitioner alleges that he is actually innocent due to asserted due process violations that resulted, Petitioner claims, in a void judgment. Second, Petitioner

contends that he is entitled to equitable tolling because he is mentally incompetent. Neither argument is persuasive.

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a habeas petitioner is not entitled to equitable tolling of the statute of limitations on the basis of a claim of actual innocence. Instead, the Court ruled that a petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 569 U.S. at 395 (quoting *Schlup*, 513 U.S. at 329) (addressing actual innocence as an exception to procedural default)). Actual innocence means factual innocence, not mere legal insufficiency or legal innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *McQuiggin,* 569 U.S. at 398-99.

In the instant case, although Petitioner baldly claims that he is actually innocent (because, he says, his judgment is void), he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable jury would have convicted him. *Schlup*, 513 U.S. at 329. Petitioner's claims that he did not have a fair criminal trial that comports with due process do not fit within the actual innocence doctrine. To the contrary, they merely repeat claims that were considered, and rejected, by the State courts. Because Petitioner has wholly failed to provide

evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1).

Petitioner's argument that he is entitled to equitable tolling because of mental incompetence fares no better. Equitable tolling should be applied "sparingly." *See, e.g.*, *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2001); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*. 579 F.3d 581, 588 (6th Cir. 2009). As the Magistrate Judge correctly pointed out, a petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing both "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Petitioner has established neither.

In *Ata v. Scutt*, 662 F.3d 736 (6th Cir. 2011), the Sixth Circuit adopted the reasoning of an unpublished Sixth Circuit decision, *McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008), holding that "a petitioner's mental incompetence, which prevents the timely filing of a habeas petition, is an extraordinary circumstance that may equitably toll AEDPA's one-year statute of limitations." *Ata*, 662 F.3d at 742. For equitable tolling based on mental incompetence to apply, a petitioner must show that "(1) he is mentally incompetent and (2) his mental incompetence caused his failure to comply with AEDPA's statute of limitations." *Id.* "[A] blanket assertion of mental incompetence is insufficient to toll the statute of limitations. Rather, a causal link between the mental condition and untimely filing is required." *Id.* In the context of equitable tolling, an evidentiary hearing on mental competence, "need not be provided as a matter of right," but "is required when sufficiently specific allegations would entitle the petitioner to equitable tolling on the basis of mental incompetence which cause the failure to timely file." *Id.*

4

Petitioner has not established that he was mentally incapable of pursuing his legal rights during the limitations period. He has not submitted any medical records from the limitations period that demonstrate that mental incompetence actually caused his failure to comply with AEDPA's statute of limitations. Those records that he has submitted, which took place during his State court criminal proceedings only demonstrate, as the State court later remarked, "that [Petitioner] was depressed and anxious as a result of the legal proceedings instituted against him. . . . The records do not indicate that [Petitioner] was not able to understand the nature and object of the proceedings against him or assist in his defense in a rational manner. In fact, the records confirm that [Petitioner] was acutely aware of his legal circumstances and discussed those circumstances with, and gave input to, his trial counsel." *People v. Nicholson*, No. 12-036826-FC (Mich. Ct. App. Jan. 10, 2018) (ECF No. 1-1). Petitioner has pointed to nothing to suggest that he was diminished in any further way since then. At bottom, Petitioner has merely pointed to his mental impairments, without demonstrating a causal connection between those impairments and his failure to timely file his habeas petition. All this undermines any claim Petitioner makes that he was mentally incompetent to pursue his legal rights during the limitations period. *See Price v. Lewis*, 118 F. App'x 725, 726-27 (6th Cir. 2005) (explaining that mental illness tolls a statute of limitations only if it actually prevents the sufferer from pursuing his legal rights during the limitations period).

## CERTIFICATE OF APPEALABILITY

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner may not appeal in a habeas corpus case unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). The Federal Rules of Appellate Procedure extend to district judges the authority to issue certificates of appealability. FED. R. APP. P. 22(b); *see also Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002) (the district judge "must issue or deny a [certificate of

appealability] if an applicant files a notice of appeal pursuant to the explicit requirements of Federal Rule of Appellate Procedure 22(b)(1)"). However, a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

To obtain a certificate of appealability, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). While Petitioner is not required to establish that "some jurists would grant the petition for habeas corpus," he "must prove 'something more than an absence of frivolity' or the existence of mere 'good faith.'" *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In this case, Petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, he is not entitled to a certificate of appealability.

## CONCLUSION

The Magistrate Judge properly concluded that Petitioner's habeas corpus petition is barred by the one-year statute of limitations, and Petitioner is not entitled to a certificate of appealability. **ACCORDINGLY IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 4) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that:

1. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED** because it is barred by the one-year statute of limitations, and

2. Petitioner is **DENIED** a certificate of appealability.

Dated: November 7, 2019 /s/ Robert J. Jonker
ROBERT J. JONKER
CHIEF UNITED STATES DISTRICT JUDGE